**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>US ECO PRODUCTS CORPORATION,<br>Debtor | Chapter 11<br>Case No. |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION WAGES**

US Eco Products Corporation (the "Debtor"), by its proposed counsel, respectfully requests this Court to allow it to pay certain pre-petition wages as provided herein.

**JURISDICTION**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (M).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 363, 507(a), 541(b), 1107(a), and 1108 of title 11 of the United States Code, (the "Bankruptcy Code"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On December 9, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

5. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. As of the filing of this motion, no trustee, examiner, or committee has been appointed.

6. Additional information detailing the Debtor's operations and the circumstances leading to the commencement of this Chapter 11 case is available as needed.

**RELIEF REQUESTED**

7. By this motion (the "Motion"), the Debtor seeks entry of interim and final orders, substantially in the forms attached hereto as Exhibits 1 and 2, (a) authorizing, but not directing, the Debtor to pay its current employees (the "Employees") for work performed prepetition for the payroll period of November 25, 2024 through and including December 6, 2024, and to honor certain other prepetition employee-related obligations; and (b) scheduling a final hearing to consider entry of the proposed final order. The Debtor seeks this authority to minimize the personal hardship that the Employees would suffer if not paid their wages and associated benefits when due and to maintain the morale of its essential workforce during this critical time. The obligations the Debtor seeks to pay include wages, salaries, federal and state withholding taxes, and other amounts withheld (collectively, the "Employee Obligations"), and all fees and costs incident to the foregoing, including amounts to third-party administrators. Because of the potential for irreparable harm if the Employee Obligations are not paid or otherwise satisfied when due, the Debtor seeks immediate authority to pay all such obligations.

**THE DEBTOR'S PREPETITION EMPLOYEE OBLIGATIONS**

8. The Debtor's employees are the lynchpin of its business. Their knowledge and experience with the Debtor's operations are essential for the Debtor to remain in business throughout the Chapter 11 process and key to preserving the value of the Debtor's estate.

9. The number of employees is 16, including officers, of which there are 2 officers. 2 employees are full-time, all others are part-time.

10. All employees perform janitorial services, with the exception of 4 individuals that perform office administrative work.

11. One employee, Doreen Blades, is salaried. All other employees are paid hourly.

12. Employees are paid bi-weekly using a payroll service provided by Intuit.

13. Total wages and payroll taxes due for pre-petition services is $27,000.

14. In addition to employee wages, the Debtor is required by law to withhold certain amounts from its employees' gross pay to meet federal, state, and local income tax obligations, as well as Social Security and Medicare taxes. The Debtor must then match the employees' Social Security and Medicare withholdings from its own funds and pay additional amounts for state and federal unemployment insurance.

15. Insert facts describing, for the current pay period, the amount of payroll tax for which the Debtor is liable.]

16. [Insert facts describing the amount of payroll tax the Debtor has paid.]

17. [Insert facts describing the amount of payroll tax that the Debtor owes and remains unpaid as of the petition date.]

**BASIS FOR RELIEF**

18. Sections 105(a), 363, 507(a), 541(b), 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 empower the Court to provide the Debtor with the relief it seeks.

19. Section 363 provides for the disposition of the Debtor's assets in bankruptcy and, after notice and a hearing, allows the Debtor to "use, sell, or lease" its property. 11 U.S.C. §363(b)(1). The Court may authorize such use, sale, or lease to operate the debtor's business as long as there is a good business reason to grant such an application.

20. Once a compelling business justification is advanced, however, section 363 gives the court broad flexibility in tailoring its orders to meet a wide variety of circumstances."

20. The business justification for paying Debtor's employees the wages they are owed is more than compelling. The Debtor's failure to pay wages will irreparably damage employee morale and productivity. Many of the Debtor's employees rely on their wages to meet daily living expenses, and these employees are likely to seek alternative employment if their means of living is placed into jeopardy. Even if they do not flee, the resulting wage anxiety will cause a decrease in productivity just when the Debtor and its estate need it the most.

21. The Debtor's duties to its estate also require the payment of wages. Section 1107(a) requires the Debtor to "perform all the functions and *duties*. . . of a trustee." 11U.S.C §1107(a) (emphasis added).

22. Payment of wages not only is consistent with sections 363 and 1107(a) but also aligns with the originating principle of Chapter 11. As the U.S. Supreme Court has explained, "[t]he fundamental purpose of reorganization is to prevent a debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources." *NRLB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984). Section 105(a) grants this Court broad authority to effectuate this purpose by providing that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §1105(a).

23. Courts have used section 105(a) to allow for the payment of prepetition debts under a "doctrine of necessity," which "reflects the existence of a judicial power to authorize trustees in reorganization to pay claims where such payment is exacted as the price of providing goods or services indispensably necessary" to continuing the debtor's business. *In re Boston & Maine Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980).   As in various cases, the

Debtor's continued operations—and its going-concern value—are contingent on the Debtor's ability to pay its workers.

24. Moreover, paying prepetition wage claims will not upset the Bankruptcy Code's priority structure. Section 507(a)(4) provides that "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual" during the 180 days prior to filing are claims entitled to priority status, 11 U.S.C §507(a)(4) and section 1129 of the Bankruptcy Code requires the Debtor to pay these claims in full before a Chapter 11 plan can be confirmed. Because paying the Debtor's employees is only a matter of timing, the impact on the Debtor's unsecured creditors will be minimal.

25. In addition to wages, this Court should also allow the Debtor to pay its prepetition tax obligations because the amounts the Debtor has withheld to meet these obligations may not be part of the Debtor's estate. The Internal Revenue Code provides that "[w]henever any person is required to . . . withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so . . . withheld shall be held to be a special fund in trust for the United States." 26 U.S.C §7501(a). Moreover, section 541 of the Bankruptcy Code states that "[p]roperty of the estate does not include . . . any power that the debtor may exercise solely for the benefit of an entity other than the debtor." 11 U.S.C §541(b)(1). Because these tax obligations are not part of the estate, the Debtor's creditors have no claim to those funds and will not be harmed if the obligations are met. Finally, state and federal laws require the debtor to meet its tax obligations, and failure to do so may subject the debtor's officers to personal legal liability and undermine their ability to lead a successful reorganization.

## BANKRUPTCY RULE 6003 IS SATISFIED

26. Bankruptcy Rule 6003 bars a court from granting authority to make prepetition payments within 21 days of the filing of a Chapter 11 case "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm . . . .". For the reasons outlined above, failure to meet the Employee Obligations will result in immediate and irreparable harm by seriously undermining the Debtor's ability to operate its business and potentially subjecting the Debtor's officers to legal liability.

## BANKRUPTCY RULE 6004(h) SHOULD BE WAIVED

27. Bankruptcy Rule 6004(h) provides that, unless the court orders otherwise, orders authorizing the use, sale, or lease of property are stayed until 14 days after the entry of an order approving such use, sale, or lease of property. For the reasons outlined above, cause exists for the Court to waive the 14-day stay requirements of Bankruptcy Rule 6004(h) and enter an order providing that the notice requirements imposed by Bankruptcy Rule 6004(a) have been satisfied.

## NOTICE

28. Notice of this Motion has been given to the Office of the United States Trustee, all known secured creditors and their counsel, the Debtor's 20 largest unsecured creditors, the Internal Revenue Service, and all parties entitled to notice under Local Rules. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

## NO PREVIOUS REQUEST

29. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed interim and final orders granting the relief requested by this Motion and grant such further relief as may be just and proper.

Respectfully submitted,

US Eco Products Corporation

By its attorney,

Dated: December 9, 2024

/s/ Michael B. Feinman
Michael B. Feinman
BBO#545935
Feinman Law Offices
69 Park Street
Andover, MA  01810
Tel:  978-475-0080
Fax: 978-475-0852
Email:mbf@feinmanlaw.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>US ECO PRODUCTS CORPORATION,<br>Debtor | Chapter 11<br>Case No. |

**CERTIFICATE OF SERVICE**

    I, Michael B. Feinman, hereby certify that I have this day served the proceeding pleadings, by mailing a true and accurate copy of each, if not shown as being served electronically, via first class mail and postage prepaid, to the following parties in interest:

Richard King,
United States Trustee's Office
Email: USTPRegion01.WO.ECF@usdoj.gov

US Eco Products Corporation
143 Essex Street
Haverhill, MA 019830

And all parties on the attached list.

Dated:  December 9, 2024          /s/ Michael B. Feinman
                                                     Michael B. Feinman

David Pinciaro, CPA
8 Central Street, #2
Topsfield, MA 01983

Doreen Blades
16 Hillview Drive
Groveland, MA 01834

Eastern Bank
1 Federal Street
Boston, MA 02110

Hartford Insurance
1 Hartford Plaza
Hartford, CT 06115

Home Depot
2455 Paces Ferry Road
Atlanta, GA 30339

Peter Slettehaugh
16 Hillview Drive
Groveland, MA 01834

Piliero Mazza PLLC
1001 6 Street NW, Suite 1100
Washington, DC 20001

SCS Building Maintenance
4 Mount Royal Suite 370
Marlborough, MA 01752

SCS Group, Inc.
c/o Goldman & Pease LLC
160 Gould Street, Suite 320
Needham Heights, MA 02494

United Rentals
100 First Stamford Place
Suite 700
Stamford, CT 06902

United Site Services
118 Flanders Road
Westborough, MA 01581